**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD & MARJORIE AUSTIN UNITRUST; FERIL L. BARNEY IRA; JERRY & SHARLENE ENGEL FAMILY TRUST; JACQUELINE GASTE (AKA LINE RENAUD); HELTZEL FAMILY TRUST; PATRICIA HOVLAND UNITRUST; LAJUAN & WEBSTER RAY, JTN; LAJUAN & WEBSTER RAY TRUST; and All Persons Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. MORTGAGE CORPORATION, a Nevada Corporation; JOHN M. KEILLY, an individual; GLADDEN FARMS, LLC, a Nevada Corporation; SUNCLIFF 5 EL MIRAGE, LLC, a Nevada Corporation; JOHN BROUWERS, an individual; DAVID DEL ZOTTO, an individual; J. RANDAL EDWARDS, an individual; STEVEN PORTNOFF, an individual; DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | 2:06-cv-01235-BES-PAL<br><br><br>**ORDER** |

Currently before this Court is Defendants' Motion to Dismiss (#12), which was filed on October 24, 2006. In response, Plaintiffs filed an Opposition (#13) and Defendants filed a Reply (#14).

**I. BACKGROUND**

This proposed class action was initiated on October 4, 2006 by eight plaintiffs against three Nevada corporations and five individuals, all Nevada residents, for (1) breach of contract, (2) conversion, and (3) constructive trust. Plaintiffs assert that this action is subject to federal

jurisdiction pursuant to 28 U.S.C. § 1332(a)[1] and 28 U.S.C. § 1332(d). Defendants move to dismiss the Complaint pursuant to FRCP 12(b)(1).

## II. ANALYSIS

**A.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion, a court is not restricted to the face of the pleadings and may review any evidence, such as declarations and testimony, to resolve factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989). Where, as in this case, the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Savage v. Glendale Union High Sch.., 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003), cert denied, 541 U.S. 1009 (2004). "The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir.1987). Furthermore, when the jurisdictional issue is separable from the merits of the case, as here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983) ("the district court is ordinarily free to hear

///

---

[1] Defendants contend that this Court lacks subject matter jurisdiction under section 1332(a) because there is no diversity of citizenship between the parties. Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001). The lack of diversity is conceded by Plaintiffs, who fail to respond to this argument in their Opposition. Accordingly, the Court will only address whether subject matter jurisdiction exists under 28 U.S.C. § 1332(d).

evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary").

**B.    Jurisdiction Pursuant to CAFA and 28 U.S.C. § 1332(d)**

28 U.S.C. § 1332(d), added by the Class Action Fairness Act of 2005 ("CAFA"), vests the federal district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds $5,000,000 and is a class action in which the parties satisfy, among other requirements, minimal diversity." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006). One way to satisfy minimal diversity is by demonstrating that any class member is a citizen of a state different from any defendant. § 1332(d)(2). Thus, CAFA abandons the complete diversity rule for covered class actions. Id.; see also Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007) (citing Bush v. Cheaptickets, Inc., 425 F.3d 683, 684 (9th Cir. 2005)). In this case, minimal diversity is established because a number of the Plaintiffs reside in states other than Nevada and all Defendants are either Nevada corporations or citizens of Nevada.

Defendants argue that dismissal of this action is required pursuant to § 1332(d)(4)(B), the so-called "home-state controversy" exception, which requires district courts to decline to exercise jurisdiction "where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Once federal jurisdiction has been established under § 1332(d)(2), as it has here, the party challenging the court's jurisdiction must prove that the CAFA exceptions to federal jurisdiction divest the district court of subject matter jurisdiction. Serrano, 478 F.3d at 1024. Thus, Defendants bear the burden in this case of establishing the requirements of § 1332(d)(4)(B).

The parties do not dispute the citizenship of Defendants in this case, acknowledging that each Defendant is a citizen of Nevada. Instead, the dispute centers on whether two-thirds or more of the proposed plaintiffs class are from Nevada. The proposed class of plaintiffs is described by Plaintiffs as "all Lenders in the $8,500,00.00 loan to U.S. Mortgage Corporation, Designated Loan #200 by Defendant John Keilly." (Complaint (#1), ¶ 165). A list of the

Lenders making up the class is attached to Plaintiff's Complaint. (Id., Ex. A). According to this list, it is clear that an excess of two-thirds of the members of the proposed plaintiffs class are citizens of Nevada. However, Plaintiffs have presented a more current list of potential class members, showing that fewer than two-thirds of the members of the class are Nevada residents. (Opp. (#13), Ex. 1).

The information before the Court strongly suggests that this case might fall into the category of cases in which more than two-thirds of the plaintiff class, and the primary defendants, are citizens of Nevada, making dismissal of this case mandatory under the home-state exception. However, the Court concludes that it need not base its decision to decline to exercise jurisdiction on a precise determination regarding the composition of the plaintiff class because the evidence supports a conservative estimate that between one-third and two-thirds of the members of the putative class are domiciled in Nevada.[2] Thus, as alternatively argued by Defendants, this case presents a situation in which the Court has discretion to decline to exercise jurisdiction under CAFA based on the number of class members who are citizens of Nevada. 28 U.S.C. § 1332(d)(3).

Under the so-called "discretionary home-state controversy" exception, the Court may decline to exercise jurisdiction, "in the interests of justice and looking at the totality of the circumstances," based on consideration of the following factors:

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

---

[2] In fact, Plaintiffs admit that 53% of the prospective class are Nevada state residents. (Opp. (#13), p. 5).

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). Upon consideration of these factors and the totality of the circumstances, the Court finds that it is in the interests of justice to decline to exercise jurisdiction over this case.[3] It is clear that the nature of this lawsuit and its litigants is predominantly state-centered. Plaintiffs, who are primarily Nevada citizens, have asserted state law claims against Defendants who are either Nevada corporations or individuals residing in Nevada. Thus, this action is governed by the laws of Nevada and does not involve matters of national or interstate interest. Nevada clearly has a distinct nexus with the class members, the alleged harm and Defendants. Moreover, Nevada is home to a substantially greater portion of the plaintiff class than any other one state and no other single state has as great an interest in litigating the controversy as Nevada does. Accordingly, the court concludes that it does not have jurisdiction over this matter, under CAFA or otherwise.

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#12) is GRANTED.

DATED: This 27TH day of September, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court uncovered no Ninth Circuit decision analyzing the factors listed in section 1332(d)(3). For guidance in the application of these factors, the Court has generally relied upon CAFA's legislative history. S. Rep. No. 109-14, at 36-39, as reprinted in 2005 U.S.C.C.A.N. 3, 35-37.